Ceanch, C. J.,
delivered the opinion of the Court, December 18, 1807.
Upon this demurrer the first question is whether the replication is substantially good. If it be consistent with the declaration and goes to fortify it, and to avoid the effect of the defendants’ plea in bar, it is good ; but if it be inconsistent with the declaration, or be no answer to the defendants’ plea, it is bad, and judgment must be against the plaintiff The declaration charges that the defendants are indebted to the plaintiff in a certain sum, for the time of a negro. The replication avers that the money became due and payable on an account current of trade and merchandise had between the plaintiff and defendants as merchants, and wholly concerned the trade of merchandise. The question then occurs, whether money due for the hire of a negro, can become due and payable on an account current of trade and merchandise between merchants, and whether such account can be said wholly to concern the trade of merchandise. There can *454 be no doubt that money due for the hire of a servant may be a proper charge in an account current between merchants; the servant may even be employed as a porter in a merchant’s warehouse ; or he may be employed in other confidential business concerning the trade of merchandise, so that such an account may, strictly and literally, “ wholly concern the trade of merchandise.” If the defendants had taken issue upon the facts averred in the replication, and the plaintiff should have produced in evidence an account current, rendered to him by the defendants, giving credit to the plaintiff for the hire of the negro, I imagine it would have been good evidence to show that the money for the negro hire was due on an account'current of trade and merchandise. In order to recover by law the amount of an account current, it is often necessary, according to the forms of legal proceedings, to divide it into distinct parts, classing charges of the same kind together, and framing a particular count in the declaration for each class. It may happen that only one item of the account may apply to one count of the declaration; and that item alone would not constitute an account current; yet it is evident that the money due for that item may be due upon an account current, and such may be the present case. The replication therefore is not inconsistent with the declaration.
The next question is whether the defendants’ rejoinder is good.
The facts stated in this plea are, that in January, 1799, all accounts between the plaintiff and the defendants ceased: and that since that time, no accounts have existed, or been continued, between the plaintiff and the defendants. It is evident that this rejoinder is no answer to the replication, unless by implication, (derived from the negative pregnant, “ no accounts have existed between the plaintiff and defendants since January, 1799,”) that the accounts had been settled and stated and the balance paid. Because if such settlement had not taken place, the account must have continued to exist notwithstanding the dissolution of the co-partnership, and although no further dealings were had afterwards between them. But if the meaning of the rejoinder be, as it seemed to be understood by the defendants’ counsel, that all dealings ceased at that time between the plaintiff and defendants, and that no new mercantile transactions had since taken place between them, the question will occur whether, a cessation of dealings for five years before the bringing of the action, takes away from the plaintiff the benefit of the exception in the statute, in favor of merchants’ accounts. No case has been cited whicji sanctions such a doctrine.
The result of the cases collected in the notes to the case of Webber v. Tivill, is that where there are mutual accounts, and *455 some of the items credited are within the six years, the plaintiff need not rely on the exception in favor of merchants’ accounts, but may rely upon those items as evidence of an acknowledgment of there being an unsettled account and a promise to pay the balance. But when no items are within the six years, then it behooves the plaintiff to rely on the exception in favor of merchants, and to plead it; and then it is immaterial whether any part of the dealings were within the six years or not, for the case is wholly out of the statute. These principles are acknowledged by Lord Kenyon, in the ease of Catling v. Skoulding, 6 T. R. 189, and are in substance stated by Sergeant Williams, in his notes to the case of Webber v. Tivill. If this rejoinder is to be considered as an implied averment that the accounts were settled and discharged, it is bad, because it is not a direct averment, but is a negative pregnant, and because it amounts to the general issue. So that whatever may be the meaning of the rejoinder, it is bad.
This being the opinion of the Court, it is unnecessary to inquire whether the surrejoinder be good or bad. The judgment must be for the plaintiff on the demurrer. (
Opinion given nem. con.
Mr. Youngs, after the decision upon the demurrer, moved the Court for leave to withdraw the demurrer and take issue on the plaintiff’s replication to the plea of the Statute of Limitations.
But the Court refused, unless the defendant could show, by affidavit, that the plea of the statute was necessary to the justice of the case; namely, that his evidence was lost, &e.
(Judgment affirmed in Supreme Court of the United States. 5 Cranch, 15.)